IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BENJAMIN VELAYO, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHERYL FOX and ) <br> KIMBERLY GRANT, ) <br> ) <br> Defendants. ) <br> _____) | CIVIL ACTION <br><br> No. 20-2279-KHV |

## MEMORANDUM AND ORDER

On June 4, 2020, Benjamin Velayo filed suit pro se against Cheryl Fox and Kimberly Grant, alleging that defendants violated his privacy rights. Civil Complaint (Doc. #1). Later that day, U.S. Magistrate Judge James P. O'Hara allowed plaintiff to proceed in forma pauperis, but ordered him to show cause why the Court should not dismiss this case for lack of subject matter jurisdiction. Order (Doc. #5). This matter is before the Court on Plaintiff's Response To Order To Show Cause (Doc. #7) filed June 11, 2020. For reasons stated below, the Court dismisses plaintiff's complaint.

## Legal Standard

Federal courts have limited jurisdiction. Blume v. Los Angeles Superior Courts, 731 F. App'x 829 (10th Cir. 2018). To proceed in federal court, plaintiff therefore has the burden to establish subject matter jurisdiction, which is ordinarily accomplished through diversity jurisdiction under 28 U.S.C. § 1332 or federal question jurisdiction under 28 U.S.C. § 1331. Id. (party asserting jurisdiction has the burden of establishing subject matter jurisdiction). Diversity jurisdiction exists where the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Federal question jurisdiction exists where claims

arise under the Constitution, laws or treaties of the United States.  28 U.S.C. § 1331.

The Court has an independent duty to ensure that subject matter jurisdiction exists, and must dismiss the case "at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."  Caballero v. Fuerzas Armadas Revolucionarias de Colombia, 945 F.3d 1270, 1273 (10th Cir. 2019).  While the Court liberally construes a pro se plaintiff's pleadings, it does not assume the role of his advocate, and it may not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  McCoy v. Kansas, No. 16-2129-JAR, 2016 WL 3549100, at *2 (D. Kan. June 30, 2016) (citations omitted); see Tatten v. City & Cty. of Denver, 730 F. App'x 620, 624 (10th Cir. 2018), cert. denied sub nom. Tatten v. City & Cty. of Denver, Colo., 139 S. Ct. 826 (2019).

**Analysis**

In his form Civil Complaint (Doc. #1), plaintiff checks the box to assert subject matter jurisdiction under 28 U.S.C. § 1343, which indicates that he alleges a civil rights violation.[1]  Other than checking the box, plaintiff does not mention any civil rights that defendants allegedly violated or any applicable federal law.  He merely states:

> On March 23, 2020, I called Cheryl Fox to tell her, "Tell your friends not to bother me again."  She said, "I will."  It turned out to be a lie. About a week later she informed her friends my new address.  I didn't give her my new address.  She saw it in the computer system so that means she violated my privacy rights.

Civil Complaint (Doc. #1) at 3–4.

Because these allegations did not establish subject matter jurisdiction, Judge O'Hara ordered plaintiff to show cause why the Court should not dismiss his claims.  Order (Doc. #5) at 6.  Plaintiff's response proffers additional factual allegations, but it is entirely nonresponsive to the

---

[1] Plaintiff does not assert diversity jurisdiction.

issue of subject matter jurisdiction.  He reiterates that defendants harassed him at his apartment complex, which was apparently in response to a lawsuit that he had filed against their friend.  He further alleges that Cheryl Fox "did not comply twice to the Patients Privacy Safety Rule, because she gave my new address to her friends."  Plaintiff's Response To Order To Show Cause (Doc. #7) at 1.  Notably absent from this response is any discussion of subject matter jurisdiction: he does not mention which civil right defendants allegedly violated or any applicable federal law.[2]  Thus, plaintiff has failed to establish subject matter jurisdiction, and the Court must dismiss his complaint.[3]  See Caballero, 945 F.3d at 1273 (Court must dismiss case whenever apparent that it lacks jurisdiction).

**IT IS THEREFORE ORDERED** that plaintiff's Civil Complaint (Doc. #1) is **DISMISSED without prejudice.**

Dated this 6th day of July, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[2] Plaintiff does not explain what the "Patients Privacy Safety Rule" is or its relevance to his allegations.

[3] On June 4, 2020, Judge O'Hara denied plaintiff's request for appointed counsel. Motion For Appointment Of Counsel And Declaration Of Good Faith Efforts To Obtain Counsel (Doc. #4); Order (Doc. #5).  In his response to the order to show cause, plaintiff again requests appointed counsel because he cannot afford representation.  Plaintiff's Response To Order To Show Cause (Doc. #7) at 2.  To the extent plaintiff is objecting to Judge O'Hara's decision, the Court overrules that objection.  Judge O'Hara explained that plaintiff failed to address any of the factors that the Court considers when appointing counsel, such as reasonably diligent efforts to obtain representation.  In his response to the order to show cause, plaintiff again ignores these factors, and instead makes the same argument which Judge O'Hara rejected.