IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BENJAMIN VELAYO,              ) | |
|                                             ) | |
|                       Plaintiff,     ) | CIVIL ACTION |
|                                             ) | |
| v.                                        ) | No. 20-2279-KHV |
|                                             ) | |
| CHERYL FOX and              ) | |
| KIMBERLY GRANT,            ) | |
|                                             ) | |
|                       Defendants. ) | |
| _____) | |

## MEMORANDUM AND ORDER

On June 4, 2020, Benjamin Velayo filed suit pro se against Cheryl Fox and Kimberly Grant, alleging that defendants violated his privacy rights. Civil Complaint (Doc. #1). On July 6, 2020, the Court dismissed plaintiff's complaint for lack of subject matter jurisdiction. Memorandum And Order (Doc. #8). On July 15, 2020, plaintiff filed a Notice Of Appeal (Doc. #10).[1] This matter is before the Court on plaintiff's Motion To Proceed Without Prepayment Of Fees (Doc. #11) filed July 15, 2020. For reasons stated below, the Court overrules plaintiff's motion.

## Factual And Procedural Background

On June 4, 2020, Benjamin Velayo sued Cheryl Fox and Kimberly Grant, alleging that defendants violated his privacy rights. Civil Complaint (Doc. #1). Plaintiff's complaint checked the box to assert subject matter jurisdiction under 28 U.S.C. § 1343, which indicated that he alleged a civil rights violation.[2] Other than checking the box, plaintiff did not mention any civil rights that

---

[1] On July 27, 2020, to correct an error in his initial notice, plaintiff filed an amended notice of appeal. Notice Of Appeal (Doc. #15).

[2] Plaintiff did not assert diversity jurisdiction.

defendants allegedly violated or any applicable federal law.  He merely stated:

> On March 23, 2020, I called Cheryl Fox to tell her, "Tell your friends not to bother me again."  She said, "I will."  It turned out to be a lie. About a week later she informed her friends [of] my new address.  I didn't give her my new address.  She saw it in the computer system so that means she violated my privacy rights.

Id. at 3–4.  On June 4, 2020, because plaintiff's allegations did not establish subject matter jurisdiction, U.S. Magistrate Judge James P. O'Hara ordered him to show cause why the Court should not dismiss his claims.  Order (Doc. #5) at 6.  Plaintiff's response was entirely nonresponsive to the issue of subject matter jurisdiction.  Plaintiff's Response To Order To Show Cause (Doc. #7); see Memorandum And Order (Doc. #8).  He reiterated that defendants harassed him at his apartment complex and asserted that Cheryl Fox violated the "Patients Privacy Safety Rule," but he failed to address subject matter jurisdiction: he did not mention which civil right defendants allegedly violated or any applicable federal law.[3]  Accordingly, because plaintiff failed to establish subject matter jurisdiction, the Court dismissed his complaint.

On July 15, 2020, plaintiff filed a Notice Of Appeal (Doc. #10) and a Motion To Proceed Without Prepayment Of Fees (Doc. #11).  In the latter, plaintiff requests to appeal the Court's dismissal order without paying fees and costs.  In support, plaintiff asserts that he "strongly disagree[s]" with the Court's decision because it "didn't understand my side of my story against Cheryl Fox."  Affidavit Accompanying Motion For Permission To Appeal In Forma Pauperis (Doc. #11-1) at 2.  Plaintiff then repeats the basic factual allegations from his response to the show cause order, which the Court already addressed.  Id.; see Plaintiff's Response To Order To Show Cause (Doc. #7); Memorandum And Order (Doc. #8) at 3.  Plaintiff also provides personal financial information.

---

[3]  As the Court explained in its Memorandum And Order (Doc. #8), plaintiff did not explain what the "Patients Privacy Safety Rule" is or its relevance to his allegations.

**Legal Standards**

Pursuant to Rule 24(a)(3), Fed. R. App. P., if the district court permits plaintiff to proceed in forma pauperis at the trial level, he may proceed on appeal in forma pauperis without further authorization unless (1) the district court certifies that plaintiff does not appeal in good faith or finds that plaintiff is not "otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding" or (2) a statute provides otherwise.  See 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").  As to the former, good faith is an objective standard which requires "the existence of a reasoned, non-frivolous argument on the law and facts in support of the issues raised on appeal."  Bailot v. Colorado, 385 F. App'x 853, 855 (10th Cir. 2010) (citations omitted).

While the Court liberally construes a pro se plaintiff's pleadings, it does not assume the role of advocate, and it may not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  McCoy v. Kansas, No. 16-2129-JAR, 2016 WL 3549100, at *2 (D. Kan. June 30, 2016) (citations omitted); see Tatten v. City & Cty. of Denver, 730 F. App'x 620, 624 (10th Cir. 2018), cert. denied sub nom. Tatten v. City & Cty. of Denver, Colo., 139 S. Ct. 826 (2019).

**Analysis**

Plaintiff seeks to appeal in forma pauperis because he "strongly disagree[s]" with the Court's decision, which did not grasp his "side of [the] story against Cheryl Fox."  Affidavit Accompanying Motion For Permission To Appeal In Forma Pauperis (Doc. #11-1) at 2.  Plaintiff then repeats the same allegations from his response to the show cause order, which the Court already explained were entirely nonresponsive to the issue of subject matter jurisdiction.  Id.; see

Plaintiff's Response To Order To Show Cause (Doc. #7); Memorandum And Order (Doc. #8) at 3. As a result, even after Judge O'Hara and the Court both explained the deficiencies in his allegations, plaintiff has still failed to establish subject matter jurisdiction by clarifying his federal claims. Thus, the issue is not the Court's understanding of plaintiff's "side of the story" against defendants; the issue is that despite several opportunities to do so, plaintiff has declined to articulate any basis for the Court's jurisdiction over this matter. In light of his repeated failures to do so, the Court finds that plaintiff has not raised a "reasoned, non-frivolous argument on the law and facts in support of the issues raised on appeal." Bailot, 385 F. App'x at 855 (citations omitted). Accordingly, it appears that plaintiff does not appeal in good faith, and the Court therefore denies his petition to appeal in forma pauperis.

**IT IS THEREFORE ORDERED** that plaintiff's Motion To Proceed Without Prepayment Of Fees (Doc. #11) filed July 15, 2020 is **OVERRULED.**

Dated this 10th day of July, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge